Charles G. Evans; ABA No. 7705019
Corey G. Stewart; ABA No. 1202003
LAW OFFICES OF CHARLES G. EVANS
165 E. Bunnell Ave., Suite D
Homer, AK 99603
Phone: 907-278-4691
Fax: 907-562-0654
locge@gci.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                Plaintiff,

vs.

MARSHALL'S ELECTRIC, INC., STANLEY K.
MARSHALL; CYNTHIA L. MARSHALL;
BRANDON D. MARSHALL; and MONIKA K.
MARSHALL, individually,

                Defendants.

Case No. 3:16-cv_____

### INDEMNITY COMPLAINT

COMES NOW Plaintiff, Philadelphia Indemnity Insurance Company ("Philadelphia"), by

counsel, Law Offices of Charles G. Evans, and for its indemnity complaint against Defendants,

Marshall's Electric, Inc., ("Marshall's") and Stanley K. Marshall, Cynthia L. Marshall, Brandon

D. Marshall and Monika K. Marshall, individually ("Indemnitors") states and alleges as follows:

### GENERAL ALLEGATIONS

1.      Philadelphia wrote surety bonds for construction work performed by Marshall's in

the state of Alaska and North Dakota.

LAW OFFICES OF
CHARLES G. EVANS
165 E. Bunnell Ave., Suite D
Homer, Ak 99603
907-278-4691

Indemnity Complaint
Philadelphia v Marshall's et al.

3:16-cv_____
Page 1 of 9

2. This is a complaint to enforce an indemnity agreement signed on April 17, 2012 by Stanley K. Marshall and Cynthia L. Marshall, individually, and on behalf of Marshall's Electric, Inc., and Brandon D. Marshall and Monika K. Marshall, individually.

3. To date, Philadelphia has executed 15 separate performance and payment bonds, construction contractor bonds, and fringe benefits bonds, the principal of which is Marshall's Electric. A list of all the bond numbers is attached as Exhibit 1.

4. In order to induce Philadelphia to issue these Bonds, Stanley K. Marshall, Cynthia L. Marshall, Brandon D. Marshall and Monika K. Marshall, on April 17, 2012, executed a General Indemnity Agreement ("GIA") on behalf of Marshall's Electric, Inc., and each individually. A true and correct copy of the GIA is attached as Exhibit 2.

5. Marshall's and the Indemnitors agreed to indemnify and hold Philadelphia harmless from any and all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind and nature, together with interest thereon at the maximum rate allowed by law, which Surety may sustain or incur by reason of or in consequence of the execution by Surety of any of any Bond.

6. More specifically, Marshall's and the Indemnitors agreed at page two of the GIA, in the paragraph titled "3. INDEMNITY" that they would indemnify Philadelphia against "any Loss sustained or incurred: (a) by reason of having executed …any and all Bonds; (b) by failure of Indemnitors or [Marshall's] to perform or comply with any of the covenants or conditions of [the GIA] or any other agreement; and (c) in enforcing any of the covenants or conditions of [the GIA] or any other agreement."

LAW OFFICES OF
CHARLES G. EVANS
165 E. Bunnell Ave., Suite D
Homer, Ak 99603
907-278-4691

Indemnity Complaint                                                3:16-cv_____
Philadelphia v Marshall's et al.                                      Page 2 of 9

Case 3:16-cv-00185-HRH   Document 1   Filed 08/19/16   Page 2 of 9

7.      Marshall's and the Indemnitors further agreed at page two of the GIA, in the paragraph titled "3. INDEMNITY" that "In the event of payments by Surety, Indemnitors agree to accept vouchers, a sworn itemization, or other such evidence of such payments as prima facie evidence of the fact and extent of liability of Indemnitors to the Surety in any demand, claim or suit by the Surety against Indemnitors."

8.      Marshall's and the Indemnitors further agreed at page four of the GIA, in the paragraph titled "9. CLAIMS" that Philadelphia "shall have the exclusive right, in its sole discretion, to decide and determine whether any claim, liability, suit or judgment made…against Surety…shall or shall not be paid…and Surety's decision thereon shall be final and binding upon the Indemnitors."

9.      Marshall's and the Indemnitors further agreed at page three of the GIA, in the paragraph titled "4. Posting of Collateral" that they would "deposit immediately upon demand by Surety an amount equal to the greater of: (a) the amount…established by Surety…to cover any actual or potential liability for any Loss or potential Loss for which Indemnitors would be obliged to indemnify Surety…or (b) the amount of any Loss or potential Loss (including legal, professional, consulting, and expert fees and expenses) in relation to any claim."

10.      Despite demand, Marshall's and the Indemnitors have failed, refused and neglected to indemnify and hold Philadelphia harmless.

11.      Marshall's and the Indemnitors' failure and refusal to indemnify and hold Philadelphia harmless is a direct and proximate cause of damages incurred by Philadelphia. Philadelphia will continue to incur damages, the exact amount to be proven at trial.

LAW OFFICES OF
CHARLES G. EVANS
165 E. Bunnell Ave., Suite D
Homer, Ak 99603
907-278-4691

Indemnity Complaint                                                      3:16-cv_____
Philadelphia v Marshall's et al.                                         Page 3 of 9

Case 3:16-cv-00185-HRH   Document 1   Filed 08/19/16   Page 3 of 9

## JURISDICTION AND VENUE

12.　　Philadelphia reincorporates allegations 1 through 11 as though contained herein.

13.　　Philadelphia is a surety corporation, organized and incorporated under the laws of the State of Pennsylvania

14.　　Philadelphia's primary place of business is in the State of Pennsylvania. Philadelphia is a citizen of the State of Pennsylvania.

15.　　Philadelphia maintains no offices in the State of Alaska.

16.　　Defendant Marshall's is an Alaska corporation in good standing registered to do business in the state of Alaska.　Marshall's is a citizen of the State of Alaska.

17.　　Defendants Stanley K. Marshall, Cynthia L. Marshall, Brandon D. Marshall and Monika K. Marshall reside/resided in the Third Judicial District, State of Alaska and are all citizens of the State of Alaska.

18.　　The amounts in controversy exceed $75,000.00, exclusive of interest and costs.

19.　　The Court has jurisdiction over this matter under 28 U.S.C. §1332, as complete diversity exists between Philadelphia, and Marshall's and the Indemnitors.

## COUNT I - BREACH OF INDEMNITY CONTRACT

20.　　Philadelphia reincorporates allegations 1 through 19 as though contained herein.

21.　　ATS Alaska, Inc. ("ATS"), sued Marshall's and Philadelphia in case no. 3AN-15-07676CI for $69,667.00 plus costs, interest, and attorneys' fees.

22.　　Philadelphia incurred costs and legal fees for which Marshall's and the Indemnitors are liable to Philadelphia.

LAW OFFICES OF
CHARLES G. EVANS
165 E. Bunnell Ave., Suite D
Homer, Ak 99603
907-278-4691

## COUNT II - BREACH OF INDEMNITY CONTRACT

23.　　Philadelphia reincorporates allegations 1 through 19 as though contained herein.

24.　　Graybar Electric Company, Inc. ("Graybar"), sued Marshall's and Philadelphia in case no. 3AN-15-09446CI for $42,946.17 plus costs, interest, and attorneys' fees.

25.　　Philadelphia settled the claim of Graybar against Marshall's and Philadelphia by paying Graybar the sum of $38,000.00.

26.　　In addition to its losses for paying the claim of Graybar, Philadelphia incurred costs and legal fees for which Marshall's and the Indemnitors are liable to Philadelphia.

## COUNT III - BREACH OF INDEMNITY CONTRACT

27.　　Philadelphia reincorporates allegations 1 through 19 as though contained herein.

28.　　Pile Co., Inc. ("Pile"), sued Marshall's and Philadelphia in case no. 3AN-15-05851CI for $14,025.00 plus costs, interest, and attorneys' fees.

29.　　Philadelphia incurred costs and legal fees for which Marshall's and the Indemnitors are liable to Philadelphia.

## COUNT IV - BREACH OF INDEMNITY CONTRACT

30.　　Philadelphia reincorporates allegations 1 through 19 as though contained herein.

31.　　The Alaska Electrical Trust Funds ("the Trusts") sued Marshall's and Philadelphia, the issuer of Marshall's contractor license bond, in case no. 3AN-15-09669CI for $43,440.88 plus costs, interest, and attorneys' fees.

32.　　Philadelphia settled the claim of the Trusts against Marshall's and Philadelphia by paying $25,000.00 to the Trusts.

33.　　In addition to its losses for paying the claim of the Trusts, Philadelphia incurred costs

LAW OFFICES OF
CHARLES G. EVANS
165 E. Bunnell Ave., Suite D
Homer, Ak 99603
907-278-4691

Indemnity Complaint　　　　　　　　　　　　　　　　　　　　3:16-cv_____
Philadelphia v Marshall's et al.　　　　　　　　　　　　　　　Page 5 of 9

Case 3:16-cv-00185-HRH　Document 1　Filed 08/19/16　Page 5 of 9

and legal fees for which Marshall's and the Indemnitors are liable to Philadelphia.

COUNT V - BREACH OF INDEMNITY CONTRACT

34. Philadelphia reincorporates allegations 1 through 19 as though contained herein.

35. K&M Communications, LLC ("K&M") sued Philadelphia for $103,780.13 in U.S. District Court for the District of North Dakota, case 4:14-cv-114, regarding work K&M performed as a subcontractor for Marshall's, known as the Minot FY12 Dormitory (168 RM) Project # M12001 ("the Project").

36. Philadelphia settled the claim of K&M against Philadelphia by paying K&M the sum of $80,000.00.

37. In addition to its losses for paying the claim of K&M, Philadelphia incurred costs and legal fees for which Marshall's and the Indemnitors are liable to Philadelphia.

COUNT VI - BREACH OF INDEMNITY CONTRACT

38. Philadelphia reincorporates allegations 1 through 19 as though contained herein.

39. Solstenxp Electric & Telecom, LLC ("Solsten") sued Marshall's and Philadelphia in case no 3AN-14-05552CI for $214,966.55 plus costs, interest, and attorneys' fees.

40. The trial court awarded judgment against Philadelphia and Marshall's in the amount of $215,000.00.

41. In addition to the award of $215,000.00 against Philadelphia, Solsten moved the Court for an award of actual attorneys' fees and costs against Philadelphia in the additional amount of $441,890.68. Philadelphia faces contingent liability to Solsten in the amount of $656,890.68.

LAW OFFICES OF
CHARLES G. EVANS
165 E. Bunnell Ave., Suite D
Homer, Ak 99603
907-278-4691

42. Marshall's moved the Court in case no. 3AN-14-05552CI to amend its judgment. The motion and opposition thereto have been filed and as of August 15, 2016, the parties are waiting for a ruling on the Motion.

43. In addition to its losses it will have to pay upon entry of the pending final judgment in case no. 3AN-14-05552CI, Philadelphia has incurred costs and fees for which Marshall's and the Indemnitors are liable.

## COUNT VII - BREACH OF INDEMNITY CONTRACT

44. Philadelphia reincorporates allegations 1 through 19 as though contained herein.

45. The Trusts' submitted a claim for $20,000.00 against the Union Welfare Bond written for Marshall's, due to Marshall's failure to pay union benefits to its employees.

46. Philadelphia settled the claim of the Trusts against Marshall's and Philadelphia by paying $20,000.00 to the Trusts.

47. In addition to its losses for paying the claim of the Trusts, Philadelphia incurred costs and legal fees for which Marshall's and the Indemnitors are liable.

## COUNT VIII - BREACH OF INDEMNITY CONTRACT

48. Philadelphia reincorporates allegations 1 through 19 as though contained herein.

49. The International Brotherhood of Electrical Workers ("IBEW") made a claim against Philadelphia's Bond in the amount of $3,367.56.

50. Philadelphia settled the claim of the Trusts against Marshall's and Philadelphia by paying the $3,367.56 to the IBEW.

## COUNT IX - BREACH OF INDEMNITY CONTRACT

51. Philadelphia reincorporates allegations 1 through 19 as though contained herein.

LAW OFFICES OF
CHARLES G. EVANS
165 E. Bunnell Ave., Suite D
Homer, Ak 99603
907-278-4691

Indemnity Complaint                                                     3:16-cv_____
Philadelphia v Marshall's et al.                                        Page 7 of 9

Case 3:16-cv-00185-HRH   Document 1   Filed 08/19/16   Page 7 of 9

52. Collicut Energy Services ("Collicut") made a claim against Philadelphia in the amount of $56,599.62.

53. Philadelphia settled the claim of Collicut against Marshall's and Philadelphia by paying $56,599.62 to Collicut.

## MORE ALLEGATIONS COMMON TO ALL COUNTS

54. Philadelphia reincorporates allegations 1 through 53 as though contained herein.

55. As of June 30, 2016, Philadelphia has incurred direct, liquidated losses in the form of paid claims in the amount of $222,967.18.

56. As of June 30, 2016, Philadelphia faces contingent liability to Solsten in the amount of $656,890.68.

57. As of July 31, 2016, Philadelphia has incurred costs and attorneys' fees in the amount of $36,902.30.

58. Marshall's and the Indemnitors failed or refused to indemnify Philadelphia for is direct, liquidated losses.

59. Marshall's and the Indemnitors failed or refused to indemnify Philadelphia for its contingent or potential losses.

60. Marshall's and the Indemnitors failed or refused to indemnify Philadelphia for its costs and attorneys' fees.

61. Marshall's and the Indemnitors' failure to indemnify and hold Philadelphia harmless is a direct and proximate cause of Philadelphia's losses, in an aggregate amount not less than $916,760.16, the exact amount to be proven at trial.

LAW OFFICES OF
CHARLES G. EVANS
165 E. Bunnell Ave., Suite D
Homer, Ak 99603
907-278-4691

Indemnity Complaint                                                3:16-cv_____
Philadelphia v Marshall's et al.                                   Page 8 of 9

Case 3:16-cv-00185-HRH   Document 1   Filed 08/19/16   Page 8 of 9

62.     Philadelphia continues to incur losses and expenses, including actual attorneys' fees, for which Marshall's and Indemnitors are liable to Philadelphia, the exact amount to be proven at trial.

**WHEREFORE**, Philadelphia prays for relief as follows:

1.    For judgment against Defendants, Marshall's Electric, Inc., Stanley K. Marshall, Cynthia L. Marshall, Brandon D. Marshall and Monika K. Marshall, jointly and severally, in a principal amount not less than $916,760.16 plus costs, interest, and actual attorney fees pursuant the indemnity agreement.

2.    Any additional losses incurred on the bonds up to the date of trial.

3.    For such further relief as the Court deems just and equitable.

Dated this 16th day of August, 2016.

**LAW OFFICES OF CHARLES G. EVANS**
Attorneys for Philadelphia Indemnity Insurance Company

By: */s/ Corey G. Stewart*
Charles G. Evans, ABA No. 7705019
Corey Stewart, ABA No. 1202003
165 E. Bunnell Ave., Suite D
Homer, AK 99603
907-278-4691
locge@gci.net

LAW OFFICES OF
CHARLES G. EVANS
165 E. Bunnell Ave., Suite D
Homer, Ak 99603
907-278-4691

Indemnity Complaint                                                                                3:16-cv_____
Philadelphia v Marshall's et al.                                                              Page 9 of 9

Case 3:16-cv-00185-HRH   Document 1   Filed 08/19/16   Page 9 of 9